AMIR NASSIHI (SBN 235936)
anassihi@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

BRADY R. O'BRYAN (SBN 335729)
bobryan@shb.com
KRISTINE AVENA (SBN 328593)
kavena@shb.com
NELSON X. LIU (SBN 339972)
nliu@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614-2546
Tel: (949) 475-1500 | Fax: (949) 475-0016

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINE BONTIGAO, an individual, | Case No. 2:25-CV-07557-SSC |
| Plaintiff, | **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**[1] |
| v. | |
| NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive, | |
| Defendants. | |

1. **INTRODUCTION**

    1.1    Purposes and Limitations.   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Stephanie S. Christensen's Procedures as of July 24, 2023.

1    this litigation may be warranted.  Accordingly, the parties hereby stipulate to and

2    petition the court to enter the following Stipulated Protective Order.  The parties

3    acknowledge that this Order does not confer blanket protections on all disclosures or

4    responses to discovery and that the protection it affords from public disclosure and

5    use extends only to the limited information or items that are entitled to confidential

6    treatment under the applicable legal principles.

7        1.2    <u>Good Cause Statement</u>.  This action is likely to involve trade secrets,

8    customer and pricing lists and other valuable research, development, commercial,

9    financial, technical and/or proprietary information for which special protection from

10   public disclosure and from use for any purpose other than prosecution of this action

11   is warranted.  Such confidential and proprietary materials and information consist of,

12   among other things, confidential business or financial information, information

13   regarding confidential business practices, or other confidential research,

14   development, or commercial information (including information implicating privacy

15   rights of third parties), information otherwise generally unavailable to the public, or

16   which may be privileged or otherwise protected from disclosure under state or federal

17   statutes, court rules, case decisions, or common law.  Accordingly, to expedite the

18   flow of information, to facilitate the prompt resolution of disputes over confidentiality

19   of discovery materials, to adequately protect information the parties are entitled to

20   keep confidential, to ensure that the parties are permitted reasonable necessary uses

21   of such material in preparation for and in the conduct of trial, to address their handling

22   at the end of the litigation, and serve the ends of justice, a protective order for such

23   information is justified in this matter.  It is the intent of the parties that information

24   will not be designated as confidential for tactical reasons and that nothing be so

25   designated without a good faith belief that it has been maintained in a confidential,

26   non-public manner, and there is good cause why it should not be part of the public

27   record of this case.

28   ///

1.3   <u>Acknowledgment of Procedure for Filing Under Seal</u>.   The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), *Makar-Welbon v. Sony Elecs., Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

///

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2.**    <u>**DEFINITIONS**</u>

2.1    <u>Action</u>: this pending federal lawsuit, Case No. 2:25-CV-07557-SSC.

2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and as specified above in the Good Cause Statement.

2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    <u>Final Disposition</u>:  the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9  <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14  <u>Professional Vendors</u>: persons or entities that provide litigation- support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

///

///

///

**3.    <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

**4.    <u>TRIAL AND DURATION</u>**

The terms of this Stipulated Protective Order apply through Final Disposition of the Action.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this Stipulated Protective Order and used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180–81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial.

**5.    <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that

qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be

deemed CONFIDENTIAL.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 6.    **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the court's Scheduling Order.

///

6.2     <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and with Section 2 of Judge Christensen's Civil Procedures titled "Brief Pre-Discovery Motion Conference."[2]

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action reaches a Final Disposition, a Receiving Party must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only:

///

---

[2] Judge Christensen's Procedures are available at https://www.cacd.uscourts.gov/honorable-stephanie-s-christensen.

(a) to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) to the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) to the court and its personnel;

(e) to court reporters and their staff;

(f) to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, to witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

///

///

STIPULATED PROTECTIVE ORDER
CASE NO. 2:25-CV-07557-SSC

**8.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED
PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation
that compels disclosure of any information or items designated in this Action as
"CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall
include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order
to issue in the other litigation that some or all of the material covered by the subpoena
or order is subject to this Protective Order. Such notification shall include a copy of
this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued
by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served
with the subpoena or court order shall not produce any information designated in this
action as "CONFIDENTIAL" before a determination by the court from which the
subpoena or order issued, unless the Party has obtained the Designating Party's
permission.  The Designating Party shall bear the burden and expense of seeking
protection in that court of its confidential material and nothing in these provisions
should be construed as authorizing or encouraging a Receiving Party in this Action
to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION**

9.1    <u>Application</u>.  The terms of this Stipulated Protective Order are applicable
to information produced by a Non-Party in this Action and designated as
"CONFIDENTIAL."  Such information produced by Non-Parties in connection with
this litigation is protected by the remedies and relief provided by this Order.  Nothing
in these provisions should be construed as prohibiting a Non-Party from seeking

1   additional protections.

2        9.2   <u>Notification</u>.  In the event that a Party is required, by a valid discovery
3   request, to produce a Non-Party's confidential information in its possession, and the
4   Party is subject to an agreement with the Non-Party not to produce the Non-Party's
5   confidential information, then the Party shall:

6        (a)  promptly notify in writing the Requesting Party and the Non-Party that
7   some or all of the information requested is subject to a confidentiality agreement with
8   a Non-Party;

9        (b) make the information requested available for inspection by the Non-
10   Party, if requested.

11        9.3   <u>Conditions of Production</u>.  If the Non-Party fails to seek a protective
12   order from this court within 14 days of receiving the notice and accompanying
13   information, the Receiving Party may produce the Non-Party's confidential
14   information responsive to the discovery request.  If the Non-Party timely seeks a
15   protective order, the Receiving Party shall not produce any information in its
16   possession or control that is subject to the confidentiality agreement with the Non-
17   Party before a determination by the court.  Absent a court order to the contrary, the
18   Non-Party shall bear the burden and expense of seeking protection in this court of its
19   Protected Material.

20   **10.**   **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

21        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
22   Protected Material to any person or in any circumstance not authorized under this
23   Stipulated Protective Order, the Receiving Party must immediately (a) notify in
24   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
25   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
26   persons to whom unauthorized disclosures were made of all the terms of this Order,
27   and (d) request such person or persons to execute the "Acknowledgment and
28   Agreement to Be Bound" (Exhibit A).

## 11.  __INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL__

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.  __MISCELLANEOUS__

12.1  Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3  Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

///

### 13.    <u>FINAL DISPOSITION</u>

After the Final Disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

///

///

///

**14.** **VIOLATION**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


Dated: <u>November 25, 2025</u>                          **QUILL & ARROW, LLP**

                                                                    By: <u>*/s/ Long Cao*</u>
                                                                            LONG CAO

                                                                            Attorney for Plaintiff
                                                                            JUSTINE BONTIGAO


Dated: <u>November 25, 2025</u>                          **SHOOK, HARDY & BACON L.L.P.**

                                                                    By: <u>*/s/ Nelson X. Liu*</u>
                                                                            AMIR NASSIHI
                                                                            BRADY R. O'BRYAN
                                                                            KRISTINE AVENA
                                                                            NELSON X. LIU

                                                                            Attorneys for Defendant
                                                                            NISSAN NORTH AMERICA, INC.


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED: December 1, 2025                          _____

                                                                    STEPHANIE S. CHRISTENSEN
                                                                    United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ **[print or type full name]**, of

_____ **[print or type full address]**,

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ **[date]** in the case of ***Justine Bontigao v. Nissan North America, Inc.*, Case No. 2:25-cv-07557-SSC**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ **[print or type full name]** of _____ _____ **[print or type full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____